UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X
DEBORAH ALEXANDER, MAUD MARON, and : Case Number 1:24-cv-2224
NOAH HARLAN, :
 :
              Plaintiffs, :
 :
         v. :
 :
TAJH SUTTON, President, Community Education :
Council 14, in her official and individual capacities; :
MARISSA MANZANARES, First Vice President, :
Community Education Council 14, in her official :
and individual capacities; DAVID C. BANKS, :
Chancellor, New York City Public Schools, in his :
official and individual capacities; NINA S. :
MICKENS, Equity Compliance Officer, in her :
official and individual capacities; COMMUNITY :
EDUCATION COUNCIL 14; NEW YORK CITY :
DEPARTMENT OF EDUCATION, :
 :
             Defendants. :
----------------------------------------------------------------------X

## ORDER TO SHOW CAUSE

_____, United States District Judge:

**THIS MATTER** coming before the Court on the Motion of Plaintiffs for a Temporary Restraining Order and a Preliminary Injunction and Order to Show Cause why a Temporary Restraining Order should not issue; and

**THE COURT NOTING** that Plaintiffs, elected members of the Citywide Council on High Schools, Community Education Council 2, and Community Education Council 1, allege that Defendants, the New York City Department of Education ("DOE"), New York City Public Schools Chancellor David C. Banks, Equity Compliance Officer Nina S. Mickens, Community Education Council 14

("CEC 14"), and that Council's President and First Vice President, Tajh Sutton and Marissa Manzanares, are violating their constitutional rights. Plaintiffs specifically allege that Defendants' restrictions on access to and speech at CEC 14 meetings violate their First Amendment rights to free speech, petition, assembly, and association, and are unconstitutionally vague and overbroad; that Defendants' restrictions on access to CEC 14's X account are an unconstitutional prior restraint that violates the First Amendment, and further violate the First Amendment prohibition of viewpoint discrimination; and that the DOE's Regulation D-210 violates their First Amendment rights to free speech and petition and are unconstitutionally vague and overbroad;

 **THE COURT NOTING** that Plaintiffs have requested that Defendant, and all those acting in concert with them, be temporarily restrained and preliminary and permanently enjoined from discriminating against speakers at CEC 14's public meetings on the basis of viewpoint and political association; enforcing Art. IV, § 2 of CEC 14's By-Laws, CEC 14's "Community Guidelines," and CEC 14's "Community Commitments;" restricting access to CEC 14's official X account to users approved by Defendants; blocking access to CEC 14's official X account based upon users' viewpoints and political associations; and enforcing New York City Department of Education Regulation D-210;

 **THE COURT NOTING** that Defendant Mickens is pursuing investigations under DOE Regulation D-210 against Plaintiffs Alexander and Maron, and that Defendant Banks has reportedly declared his intent to "take action" against Maron;

 **THE COURT NOTING** that Defendant CEC 14 is obligated under N.Y. Education Law § 2590-e(14) to hold monthly meetings, that it has not yet held a meeting in April, and that it has set a meeting for May 15, 2024;

 **THE COURT NOTING** that Plaintiffs seek this relief to be effective as soon as possible, to secure them from suspension or dismissal from office and to stop the

ongoing irreparable harm they are suffering owing to the violations of their fundamental constitutional rights;

**THE COURT FINDING** that Plaintiffs have provided good and sufficient reasons why the Court should employ an expedited procedure under Local Rule 6.1(d) given the immediacy of Plaintiffs' application.

**IT IS HEREBY ORDERED** that Plaintiffs' application is granted such that the Court will employ an expedited procedure to hear this matter.

**IT IS FURTHER ORDERED THAT**:

1. Defendants show cause why a temporary restraining order and preliminary injunction should not be issued under Federal Rule of Civil Procedure 65 granting Plaintiffs the following relief:

Restraining Defendants, and all those acting in concert with them, from

(1) discriminating against speakers at CEC 14's public meetings on the basis of viewpoint and political association, including but not limited to the enforcement of CEC 14's "Community Guidelines," "Community Commitments," and Article IV, § 2 of CEC 14's By-Laws;

(2) Restricting access to CEC 14's official X account to users approved by Defendants;

(3) Blocking access to CEC 14's official X account based upon users' viewpoints and political associations; and

(4) Implementing or enforcing DOE's Regulation D-210, including conducting any investigation or disciplining or removing from office any Community Education Council or Citywide Council member on the basis that the accused engaged in "frequent verbal abuse and unnecessary aggressive speech that serves to intimidate and causes others to have concern for their personal safety," Reg. D-210, § II.C, or expressed "disrespect towards

children," *id.* § II.D, or "derogatory or offensive comments about any DOE student," *id.*, or speech "that would publicly reveal, share or expose private or personally identifiable information about a DOE student or a member of such student's family without their consent," *id.* § II.E;

.

2. Defendants must submit a brief on this issue of no more than 25 pages on or before _____.

3. Plaintiffs may submit a brief in reply of no more than 15 pages on or before _____.

4. The Court shall hold a temporary restraining order and preliminary injunction hearing at _____.

5. If either party wishes to introduce testimony at the hearing, it must provide reasonable advance notice to the Court and the other party prior to the hearing.

6. Plaintiffs must serve a copy of this Order and the papers on which it is based on Defendants on or before _____.

Dated: April _____, 2024

_____
United States District Judge

4