

April 18, 2024

The Hon. Diane Gujarati
U.S. District Judge
225 Cadman Plaza East
Brooklyn, NY 11201

    *Via ECF*

    Re:    *Alexander v. Sutton*, No. 1:22-cv-2224-DG-JRC

Dear Judge Gujarati:

    The First Amendment protects speech that the government believes to be "abus[ive], aggressive, intimidating, derogatory, offensive, [and] disrespectful." Opp. at 4. That's the whole point. The First Amendment is not needed to protect speech that the government believes to be respectful and appropriate. And while the First Amendment does not protect true threats, nothing plaintiffs have said or would say can remotely be viewed as threatening.

    Defendants' precedent-free, law-free conclusory assertion that D-210 "is neutral and does not discriminate on viewpoint or political association," Opp. 3, is not responsive to Plaintiffs' motion.

    It is also well-established that civil rights plaintiffs need not exhaust administrative or judicial remedies to challenge a law under Section 1983. *See, e.g., Wilbur v. Harris*, 53 F.3d 542, 544 (2d Cir. 1995). The point of Section 1983 is that people may access federal courts to enforce their federal constitutional rights; the alleged availability of further relief under state law is irrelevant. In any event, Defendants are not even following their own procedures. Regulation D-210, § IV.E.1, provides that council members be afforded 10 days to accept a conciliation procedure, but the determination that Maron violated the regulation offers her only 3 days, and more importantly, does not tell her what she has allegedly done, so she has no basis upon which to determine whether she would even want conciliation. Maron faces multiple charges and has no idea what "Case D210-2024-009" is about.

    There is no dispute that DOE, Banks, and Mickens, the enforcers of Regulation D-210, have been served and are represented.

    Nor is there any dispute that Defendant Manzanares, who is the person who apparently controls the censorship at CEC 14, *see* Alexander Decl., ¶ 5, has been personally served. She has also been served with the motion papers, *see* Certificate of Service, Dkt. 14, and she is publicly discussing the lawsuit, *see* Maron Decl., Apr. 18, 2024, ¶¶ 7-8.

1150 Connecticut Avenue, N.W., Washington, D.C. 20036    www.ifs.org    T: 202-301-3300    F: 202-301-3399

The Hon. Diane Gujarati
Page **2** of **2**

      Thus, even if service is not complete on CEC 14 and Sutton—and on information and belief, it now is—the person who actually pulls the trigger at CEC 14 is indisputably before the Court. It simply will not do for Corporation Counsel, who has a clear duty under N.Y. Educ. Law § 2590-e(9) to represent these people and to represent CEC 14, a New York City entity, to claim service and representation issues as a way of avoiding a TRO.

      Plaintiffs require immediate relief. "It is well established that the 'loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.'" *Kamerling v. Massanari*, 295 F.3d 206, 214-15 (2d Cir. 2002). CEC 14 is meeting *today*. Defendants are threatening to remove Maron from the office to which she was elected *within 4 days*.

      Finally, under Rule 6.1(b), defendants DOE and Banks's opposition to the motion would ordinarily be due April 29 (fourteen days after service). The other defendants' opposition would be due May 2; Fed. R. Civ. P. 6(d). Yet Corporation Counsel is requesting *three weeks* to respond to Plaintiffs' emergency motion—*more* time than she is entitled to under the rules—all the while her clients, which she represents and for whom she has appeared, are aggressively enforcing Regulation D-210.

      Plaintiffs oppose this inappropriate extension. Temporary restraining orders expire after 14 days at the most, *see* Fed. R. Civ. P. 65(b)(2), so Defendants are asking this Court to delay deciding about the restraining order until longer than the order would even normally last. And Plaintiffs' injury is guaranteed to increase during the three-week period requested. CEC 14 will hold its next public meeting today, without Plaintiffs, and Defendant Banks will suspend or remove Maron from office, injuring not just Maron, but the public that elected her.

      Plaintiffs have demonstrated a likelihood of success on the merits, irreparable injury, and that the balance of equities favors relief, which is in the public interest. Nothing in Defendants' response meaningfully disputes Plaintiffs' argument. Instead, Defendants admit that they "cannot respond" to most of the motion and request a three-week extension, so Corporate Counsel can perform "further legal research" and "interview the non-DOE Defendants," *id.* at 2, with the goal of one day being able to dispute Plaintiffs' argument. But Defendants have already had more than three weeks, since the filing of the complaint on March 26, to investigate. *See* Dkt. 1. Evidently, their investigation so far has been so desultory that Corporate Counsel have yet to even speak with two of the defendants. Dkt. 20 at 2. Defendants have already had sufficient time to respond; they should not be rewarded for their own lack of diligence.

      Respectfully, the Court should immediately issue the temporary restraining order.

      Sincerely

      /s/ Alan Gura
      Alan Gura
      Counsel for Plaintiffs