UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ALEXANDER, *et al.*,

                                                                    Plaintiffs,

                           **ANSWER**

                -against-

                         24-cv-2224 (DG)(JRC)

SUTTON, *et al.*,

                                                                    Defendants.

------------------------------------------------------------------------x

       Defendants David C. Banks, Nina S. Mickens, and the New York City Department of Education ("DOE") (collectively, "DOE Defendants") and the Community Education Council ("CEC") 14, (collectively "Answering Defendants")[1] by their attorney, Hon. Sylvia O. Hinds Radix, Corporation Counsel of the City of New York, hereby answer the Complaint and respectfully allege as follows:

       1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint, except admit that Deborah Alexander served as an elected member of CEC 30, and that she resigned that position on February 15, 2024 to fill a vacancy on New York City's Citywide Council on High Schools as of February 20, 2024.

---

[1] Pursuant to New York City Charter § 394(a) and N.Y. Education Law § 2590-e(9), the Corporation Counsel is statutory counsel to CEC 14. As suits against individuals in their official capacity are essentially suits against the entity, pursuant to that same authority, the Corporation Counsel is statutory counsel for CEC 14 President Tajh Sutton and CEC 14 Vice President Marissa Manzanares **in their official capacities only**. *See Ky. v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). The Corporation Counsel does not represent Ms. Sutton and Ms. Marissa Manzanares in their individual capacities.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Complaint, except admit that Maud Maron is an elected member of CEC 2.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint, except admit that Noah Harlan is an elected member of CEC 1.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint, except admit that Tajh Sutton is President of CEC 14 and that Plaintiffs purport to proceed as set forth therein

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint, except admit that Marissa Manzanares is First Vice President of CEC 14 and that Plaintiffs purport to proceed as set forth therein.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint, affirmatively state that David C. Banks is Chancellor of the city school district of the City of New York (also known as New York City Public Schools and DOE), and admit that Plaintiffs purport to proceed as set forth therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint, affirmatively state that Nina S. Mickens is the Equity Compliance Officer ("ECO") as set forth in Chancellor's Regulation D-210, and admit that Plaintiffs purport to proceed as set forth therein.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that community district education councils are established under the statute referenced therein, and

respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

9. Deny the allegations set forth in paragraph "9" of the Complaint, and respectfully refer the Court to Article 52-a of the New York Education Law regarding DOE's powers and duties.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that Plaintiffs purport to invoke the jurisdiction of the Court as set forth therein, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that Plaintiffs purport to lay venue as set forth therein, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

12. Deny the allegations set forth in paragraph "12" of the Complaint, and respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents.

13. Deny the allegations set forth in paragraph "13" of the Complaint, and respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint, except admit that CEC 14 promoted a walkout on its official Instagram account and linked to a "toolkit" with materials related to the walkout, and respectfully refer the Court to the exhibits referenced therein for a complete and accurate statement of their contents.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint, and respectfully refer the Court to the exhibits referenced therein for a complete and accurate statement of their contents.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint, except admit that CEC 14 held a remote meeting on November 15, 2023.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint, and respectfully refer the Court to the exhibit referenced therein for a complete and accurate statement of its contents.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint, and respectfully refer the Court to the exhibit referenced therein for a complete and accurate statement of its contents.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint, and respectfully refer the Court to the exhibit referenced therein for a complete and accurate statement of its contents.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "28" of the Complaint, except admit that there is a social media account on X (formerly known as Twitter), @council_14, associated with CEC 14, and affirmatively state that such allegations concern the conduct of individuals of which Answering Defendants have no knowledge or information as to the allegations set forth therein.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint, and affirmatively state that such allegations concern the conduct of individuals of which Answering Defendants have no knowledge or information as to the allegations set forth therein.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint, affirmatively state that DOE has promulgated Chancellor's Regulation D-210, Citywide and Community Education Council Code of Conduct and Complaint Procedures: Anti-Discrimination and Anti-Harassment Policy ("Chancellor's Regulation D-210"), which applies to members of Community

District Education Councils and Citywide Councils, and respectfully refer the Court to that regulation (available at https://www.schools.nyc.gov/docs/default-source/default-document-library/d-210.pdf) for a complete and accurate statement of its provisions.

33. Deny the allegations set forth in paragraph "33" of the Complaint, and respectfully refer the Court to Chancellor's Regulation D-210 for a complete and accurate statement of its provisions.

34. Deny the allegations set forth in paragraph "34" of the Complaint, and respectfully refer the Court to Chancellor's Regulation D-210 for a complete and accurate statement of its provisions.

35. Deny the allegations set forth in paragraph "35" of the Complaint, and respectfully refer the Court to Chancellor's Regulation D-210 for a complete and accurate statement of its provisions.

36. Deny the allegations set forth in paragraph "36" of the Complaint, and respectfully refer the Court to Chancellor's Regulation D-210 for a complete and accurate statement of its provisions.

37. Deny the allegations set forth in paragraph "37" of the Complaint, and respectfully refer the Court to Chancellor's Regulation D-210 for a complete and accurate statement of its provisions.

38. Deny the allegations set forth in paragraph "38" of the Complaint, and respectfully refer the Court to Chancellor's Regulation D-210 for a complete and accurate statement of its provisions.

39. Deny the allegations set forth in paragraph "39" of the Complaint, and respectfully refer the Court to Chancellor's Regulation D-210 for a complete and accurate statement of its provisions.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint, except admit that Ms. Sutton is a member of the Equity Council, and respectfully refer the Court to Chancellor's Regulation D-210 for a complete and accurate statement of its provisions.

42. Deny the allegations set forth in paragraph "42" of the Complaint, and respectfully refer the Court to Chancellor's Regulation D-210 and New York Education Law § 2590-l for a complete and accurate statement of their provisions.

43. Deny the allegations set forth in paragraph "43" of the Complaint, except admit that Ms. Mickens emailed Plaintiff Alexander on November 6, 2023.

44. Deny the allegations set forth in paragraph "44" of the Complaint, except admit that Plaintiff Alexander responded to Ms. Mickens's email on November 6, 2023.

45. Deny the allegations set forth in paragraph "45" of the Complaint, except admit that Ms. Mickens responded to Plaintiff Alexander's reply on November 6, 2023.

46. Deny the allegations set forth in paragraph "46" of the Complaint, except admit that Ms. Mickens interviewed Plaintiff Alexander on or about December 8, 2023, and that the ECO did not provide a copy of the complaint or identify the complainant.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint, and respectfully refer the Court to that article for a complete and accurate statement of its contents.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Complaint, except admit, upon information and belief, that Mr. Healy authored the editorial referenced therein, that an X user linked to that editorial, and respectfully refer the Court to that article for a complete and accurate statement of its contents.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Complaint, except admit, upon information and belief, that on or about November 4, 2023, Ms. Alexander replied to the X post described in paragraph "49" that linked to Mr. Healy's editorial, and respectfully refer the Court to that comment as reproduced therein for a complete and accurate statement of its contents.

51. Deny the allegations set forth in paragraph "51" of the Complaint, except admit that Ms. Mickens interviewed Defendant Alexander concerning her November 4, 2023 comment on X and Defendant Alexander's "liking" of a post by Yiatin Chu.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint, except admit that one of the eligibility criteria to serve as an elected CEC member is that a candidate's child must attend, or have attended

within the preceding two years, a school under the jurisdiction of the relevant community school district, and that such school is disclosed during the election process in accordance with Section (IV)(E) of Chancellor's Regulation D-140 (available at [d-140-process-for-the-nomination-and-selection-of-members-of-the-community-education-councils-including-filling-vacancies.pdf](d-140-process-for-the-nomination-and-selection-of-members-of-the-community-education-councils-including-filling-vacancies.pdf) (last accessed May 20, 2024).

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Complaint, except admit that DOE discloses candidates' child(ren)'s school in connection with the CEC election process.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the Complaint, except admit that eligible District 30 students receive priority for the P.S./I.S. 217's Gifted and Talented program.

58. Deny the allegations set forth in paragraph "58" of the Complaint, except admit that Ms. Mickens emailed Plaintiff Maron on February 8, 2024.

59. Deny the allegations set forth in paragraph "59" of the Complaint, except admit that Plaintiff Maron emailed Ms. Mickens on February 27, 2024.

60. Deny the allegations set forth in paragraph "60" of the Complaint, except admit that Ms. Mickens emailed Plaintiff Maron on March 8, 2024.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Complaint, and respectfully refer the Court to the article referenced therein for a complete and accurate statement of its contents.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the Complaint, and respectfully refer the Court to the article referenced therein for a complete and accurate statement of its contents.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the Complaint, and respectfully refer the Court to the article referenced therein for a complete and accurate statement of its contents.

64. Deny the allegations set forth in paragraph "64" of the Complaint, and respectfully refer the Court to the articles referenced therein for a complete and accurate statement of their contents.

65. Deny the allegations set forth in paragraph "65" of the Complaint, except admit that on or about March 20, 2024, Ms. Mickens requested to interview Plaintiff Maron about a Chancellor's Regulation D-210 complaint concerning a student at Stuyvesant High School ("Stuyvesant").

66. Deny the allegations set forth in paragraph "66" of the Complaint, except admit that *The Spectator*, the Stuyvesant High School student newspaper, published an anonymous full page editorial regarding Palestine and Israel in its February 16, 2024 issue, and affirmatively state that such editorial was entitled "Black and White: The Withheld History of Palestine and Israel."

67. Deny the allegations set forth in paragraph "67" of the Complaint, and respectfully refer the Court to the editorial referenced therein for a complete and accurate statement of its contents.

68. Deny the allegations set forth in paragraph "68" of the Complaint, and respectfully refer the Court to the editorial referenced therein for a complete and accurate statement of its contents.

69. Deny the allegations set forth in paragraph "69" of the Complaint, except admit that Plaintiff Maron's child attends Stuyvesant, that Plaintiff Maron serves on the School Leadership Team ("SLT") at Stuyvesant, and that the quote from *The New York Post* article as reproduced therein is attributed to Plaintiff Maron, and respectfully refer the Court to the article referenced therein for a complete and accurate statement of its contents.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the Complaint, except admit that Plaintiff Maron did not identify the name of the anonymous author.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint, except admit upon information and belief that on or about March 20, 2024, CEC 2 approved, by a vote of 8-3, a resolution entitled "Resolution #248: Resolution Calling for a Comprehensive Review and Redrafting of New York City Public Schools ('NYCPS') Guidelines on Gender with Regard to the Application and Impact on Female Athletes Participating in Physical Education, Intramural and Competitive Public School Athletic League ('PSAL') Sports," and respectfully refer the Court to the Resolution referenced therein for a complete and accurate statement of its contents.

73. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73," and respectfully refer the Court to the resolution referenced therein for a complete and accurate statement of its contents.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the Complaint.

77. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the Complaint.

78. Deny the allegations set forth in paragraph "78" of the Complaint, except deny knowledge or information sufficient to form a belief concerning Plaintiffs' states of mind.

79. Deny the allegations set forth in paragraph "79" of the Complaint, except deny knowledge or information sufficient to form a belief concerning Plaintiffs' states of mind.

80. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the Complaint, and affirmatively state that DOE Defendants have no control over the social media accounts associated with the CEC 14.

81. Deny the allegations set forth in paragraph "81" of the Complaint and respectfully refer the Court to the article cited therein for a complete and accurate statement of its contents.

82. Deny the allegations set forth in paragraph "82" of the Complaint, except deny knowledge or information sufficient to form a belief concerning Plaintiffs' intentions and states of mind.

83. In response to the allegations set forth in paragraph "83" of the Complaint, Answering Defendants repeat and reaffirm the responses set forth in paragraphs 1-82 of this Answer, as if fully set forth herein.

84. Paragraph "84" of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth therein.

85. Paragraph "85" of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth therein,

and respectfully refer the Court to the case law cited therein for a complete and accurate statement of their holdings.

86. Paragraph "86" of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth therein, and respectfully refer the Court to the case law cited therein for a complete and accurate statement of their holdings.

87. Paragraph "87" of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth therein and respectfully refer the Court to the case law cited therein for a complete and accurate statement of their holdings.

88. Deny the allegations set forth in paragraph "88" of the Complaint.

89. Deny the allegations set forth in paragraph "89" of the Complaint.

90. In response to the allegations set forth in paragraph "90" of the Complaint, Answering Defendants repeat and reaffirm the responses set forth in paragraphs 1-82 of this Answer, as if fully set forth herein.

91. Paragraph "91" of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth therein and respectfully refer the Court to the case law cited therein for a complete and accurate statement of its holdings.

92. Paragraph "92" of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth therein and respectfully refer the Court to the case law cited therein for a complete and accurate statement of their holdings.

93. Paragraph "93" of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth therein.

94. Deny the allegations set forth in Paragraph "94" of the Complaint.

95. Deny the allegations set forth in paragraph "95" of the Complaint.

96. In response to the allegations set forth in paragraph "96" of the Complaint, Answering Defendants repeat and reaffirm the responses set forth in paragraphs 1-82 of this Answer, as if fully set forth herein.

97. Paragraph 97 of the Complaint is a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth therein.

98. Deny the allegations set forth in paragraph "98" of the Complaint.

99. Deny the allegations set forth in paragraph "99" of the Complaint.

100. In response to the allegations set forth in paragraph "100" of the Complaint, Answering Defendants repeat and reaffirm the responses set forth in paragraphs 1-82 of this Answer, as if fully set forth herein.

101. Paragraph "101" of the Complaint is a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth therein and respectfully refer the Court to the case law cited therein for a complete and accurate statement of their holdings.

102. Deny the allegations set forth in paragraph "102" of the Complaint.

103. Deny the allegations set forth in paragraph "103" of the Complaint.

104. In response to the allegations set forth in paragraph "104" the Complaint, Answering Defendants repeat and reaffirm the responses set forth in paragraphs 1-82 of this Answer, as if fully set forth herein.

105. Deny the allegations set forth in paragraph "105" of the Complaint.

106. Deny the allegations set forth in paragraph "106" of the Complaint.

107. In response to the allegations set forth in paragraph "107" of the Complaint, Answering Defendants repeat and reaffirm the responses set forth in paragraphs 1-82 of this Answer, as if fully set forth therein.

108. Paragraph "108" of the Complaint is a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth therein.

109. Paragraph "109" of the Complaint is a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth therein.

110. Paragraph "110" of the Complaint is a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth therein.

111. Deny the allegations set forth in paragraph "111" of the Complaint.

112. Deny the allegations set forth in paragraph "112 of the Complaint.

113. Deny the allegations set forth in paragraph "113" of the Complaint.

114. Deny the allegations set forth in paragraph "114" of the Complaint.

115. In response to the allegations set forth in paragraph "115" the Complaint, Answering Defendants repeat and reaffirm the responses set forth in paragraphs 1-82 of this Answer, as if fully set forth herein.

116. Paragraph "116" of the Complaint is a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth therein and respectfully refer the Court to the First Amendment of the U.S. Constitution, and interpreting case law for a complete and accurate statement of their provisions and holdings.

117. Paragraph "117" of the Complaint is a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth therein, and respectfully refer the Court to the First Amendment of the U.S. Constitution and interpretive case law for a complete and accurate statement of their provisions and holdings.

118. Paragraph "118" of the Complaint is a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth therein, and respectfully refer the Court to the First Amendment of the Constitution, U.S. Const. Amend. I, and Chancellor's Regulation D-210 for a complete and accurate statement of their provisions.

119. Deny the allegations set forth in paragraph "119" of the Complaint.

120. In response to the allegations set forth in paragraph "120" the Complaint, Defendants repeat and reaffirm the responses set forth in paragraphs 1-82 of this Answer, as if fully set forth herein.

121. Deny the allegations set forth in paragraph "121" of the Complaint.

122. Deny the allegations set forth in paragraph "122" of the Complaint.

123. Deny the allegations set forth in paragraph "123" of the Complaint.

124. Deny the allegations set forth in paragraph "124" of the Complaint.

125. In response to the allegations set forth in paragraph "125" the Complaint, Answering Defendants repeat and reaffirm the responses set forth in paragraphs 1-82 of this Answer, as if fully set forth herein.

126. Deny the allegations set forth in paragraph "126" of the Complaint.

127. Deny the allegations set forth in paragraph "127" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

128. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

129. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States, of the State of New York, or of any political subdivision thereof.

### THIRD AFFIRMATIVE DEFENSE

130. At all times relevant to the acts alleged in the Complaint, Defendants acted reasonably, properly, lawfully, without malice, and in good faith.

### FOURTH AFFIRMATIVE DEFENSE

131. One or more of Plaintiffs' claims are moot in whole or in part.

### FIFTH AFFIRMATIVE DEFENSE

132. One or more Plaintiffs lack standing to bring these claims.

### SIXTH AFFIRMATIVE DEFENSE

133. Plaintiffs have failed to demonstrate their entitlement to some or all of the demanded injunctive or declaratory relief.

### SEVENTH AFFIRMATIVE DEFENSE

134. Plaintiffs are not entitled to equitable relief.

### EIGHTH AFFIRMATIVE DEFENSE

135. Defendants Banks and Mickens are entitled to qualified immunity.

Dated: May 20, 2024
New York, New York

                **HON. SYLVIA O. HINDS-RADIX**
                *Corporation Counsel of the City of New York*
                Attorney for Answering Defendants
                100 Church Street
                New York, NY 10007
                t: (212) 356-2624

                By:   /s/
                       Jordan Doll
                       *Assistant Corporation Counsel*

To: all Counsel of record via ECF