UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
DEBORAH ALEXANDER, et al., :
: No.: 1:24-cv-2224-DG-JRC
Plaintiffs, :
:
v. :
:
TAJH SUTTON, et al., :
:
Defendants. :
------------------------------------------------------------------X

NOTICE RE: PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Late on the afternoon of Friday, June 14, one business day before this Court's hearing of Plaintiffs' preliminary injunction motion seeking to enjoin enforcement of Regulation D-210, Defendant Chancellor Banks removed Plaintiff Maud Maron from her elected office as a Member of Community Education Council 2 for purportedly violating Regulation D-210.

A true and correct copy of Defendant Banks's letter removing Maron from office is attached as Exhibit J to another declaration of Maud Maron, filed separately.

Accordingly, Plaintiffs' preliminary injunction motion now encompasses a request to immediately reinstate Maron to her elected office. *See* Dkt 13 at 2 (asking this Court to enjoin Defendants from "enforcing DOE's Regulation D-210, including . . . disciplining or removing from office any Community Education Council or Citywide Council member on the basis" of protected speech). Parties cannot defeat a preliminary injunction motion by altering the status quo before the Court can rule. "Where a defendant has altered the status quo, exposing a plaintiff to irreparable harm, the prohibitory standard properly applies, and may require that the defendant take action to restore the status quo pending a decision on the merits." *Williamson v. Maciol*, 839 F. App'x 633, 635 (2d Cir. 2021) (citing *Mastrio v.*

*Sebelius*, 768 F.3d 116, 120-21 (2d Cir. 2014)); *see also Holt v. Cont'l Grp., Inc.*, 708 F.2d 87, 89-90 (2d Cir. 1983) (characterizing plaintiff's request for reinstatement of her employment as "a restoration of the *status quo ante*")).

Moreover, Chancellor Banks's letter confirms that Regulation D-210 is hopelessly vague and overbroad, and discriminates on the basis of viewpoint. Chancellor Banks declared that Maron "chose to publish an unnecessarily aggressive, derogatory, and offensive comment about a student in an inflammatory *Post* article about the piece." Maron still has no idea how Chancellor Banks determines whether political speech is "aggressive, derogatory, [or] offensive," which is a purely subjective judgment, let alone whether speech is "unnecessarily" so. For her part, Maron does not view the *Post* article as "inflammatory," another subjective judgment, nor did she write, review, edit, or in any way control the *Post* article, beyond speaking to the reporter.

Incredibly, Chancellor Banks admits that he removed Maron for speaking about "an issue that is highly politically charged, in a climate in which harassment and targeting of those who express unpopular opinions is common." This is the very definition of vagueness, overbreadth, and viewpoint discrimination. Who determines whether an issue is too "highly politically charged" to address? By what standards? The First Amendment's free speech guarantee is meaningless if elected officeholders can be removed from office because they speak about "highly politically charged" topics.

Indeed, Banks removed Maron not just because of her comment, but because she provided the comment to a disfavored newspaper, which Chancellor Banks deems "a tabloid publication whose articles often provoke extreme reactions." But every newspaper in New York City publishes articles that "often provoke extreme reactions," and Maron has as much of a First Amendment right to speak to the *New*

*York Post* as she does to speak to the *New York Times*, the *Daily News*, or any other publication.

Chancellor Banks also removed Maron from office because of other people's reactions to her comments. He wrote that Maron's statement "was echoed in many of the hostile, intimidating comments accompanying the *Post* article," and that "[p]redictably, [her] conduct," referring to Maron's speech, "provoked a number of other highly offensive and hostile attacks against the anonymous student author and Stuyvesant students in general."

This is a classic unconstitutional heckler's veto. It is well-established that the government cannot punish protected speech simply because it might elicit a negative reaction by third parties. *Forsyth Cnty. v. Nationalist Movement*, 505 U.S. 123 (1992). Nothing in Maron's comment could be considered an immediate incitement to lawless violence. *Brandenburg v. Ohio*, 395 U.S. 444 (1969).

That this application of Regulation D-210 is vague, overbroad, and viewpoint discriminatory is plain enough. Chancellor Banks is constantly expressing himself. If other people's inappropriate or distasteful reactions are grounds for removing a speaker from office, Banks should have removed himself a long time ago.

Plaintiffs are entitled to a preliminary injunction against Regulation D-210, including Maron's reinstatement. However, should the Court disagree, Plaintiffs would respectfully ask that at a minimum, the Court enjoin Defendants from filling Maron's vacant seat pending an appeal.

| | |
|---|---|
| Dated: June 17, 2024 | Respectfully submitted, |

| | |
|---|---|
| /s/ Dennis J. Saffran | /s/ Alan Gura |
| Dennis J. Saffran | Alan Gura* |
| New York Bar No. 1724376 | D.C. Bar No. 453,449 |
| LAW OFFICE OF DENNIS J. SAFFRAN | Nathan J. Ristuccia*† |
| 38-18 West Dr. | Virginia Bar No. 98372 |
| Douglaston, NY 11363 | INSTITUTE FOR FREE SPEECH |
| Tel: (718) 428-7156 | 1150 Connecticut Ave., NW |
| djsaffran@gmail.com | Suite 801 |
| | Washington, D.C. 20036 |
| | Tel: (202) 301-3300 |
| | Fax: (202) 301-3399 |
| | agura@ifs.org |
| | nristuccia@ifs.org |

*Pro hac vice

† Not a D.C. bar member. Practice in D.C. authorized by D.C. Ct. App. R. 49(c)(3).

*Counsel for Plaintiffs*