

**Muriel Goode-Trufant**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JORDAN DOLL**
Tel.: 2l2-356-2624
email: jdoll@law.nyc.gov

June 20, 2024

Hon. Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>Alexander et al. v. Sutton et al.</u>
                24-cv-02224 (DG)(JRC)

Dear Judge Gujarati:

      I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York. I write on behalf of Defendants New York City Department of Education ("DOE"), DOE Chancellor David C. Banks, and DOE Equity Compliance Office Nina Mickens (collectively "DOE Defendants"), and the CEC 14 Defendants.[1] At oral argument on June 18, 2024, Your Honor inquired about any appeals process following the issuance of the Chancellor's June 14, 2024 order removing Plaintiff Maud Maron from Community Education Council 2 ("CEC 2") for the remainder of her term (the "June 14 Order"). Pursuant to Your Honor's permission, the DOE Defendants hereby submit this letter in response to that inquiry.[2][3]

---

[1] The CEC 14 Defendants refers to CEC 14, and CEC 14 former President Tajh Sutton and CEC 14 Vice President Marissa Manzanares in their official capacities, as suits against individuals in their official capacity are essentially suits against the entity. *Ky. v. Graham*, 473 U.S. 159, 166 (1985). Our office and the attorney for Ms. Sutton and Ms. Manzanares in their individual capacities are in communication to identify and clarify representation issues.

[2] Also attached for the Court's information as Exhibit A is the Chancellor's order removing Defendant Sutton, which was also issued June 14, 2024 and was referenced during the oral argument. Ms. Sutton's removal order and the basis for such removal are not at issue in this matter.

1

A CEC member removed pursuant to New York Education Law § 2590-l "may, within fifteen days after issuance of such order, file an appeal with the city board [also known as the Panel for Educational Policy ("PEP")] acting as an appeal board…." N.Y. Educ. Law § 2590-l(2). The "appeal board" refers to a panel of three PEP members designated by the PEP chair, or if no such panel has been designated, then the full PEP. 8 NYCRR §§ 113.1(b). An appellant may file an application to stay enforcement of a removal order, and the appeal board has the authority to grant such a stay pending a final determination of the appeal. 8 NYCRR § 113.7.

Here, Ms. Maron may file an appeal of the June 14 Order to the PEP and apply for a stay of that order pending the final determination of her appeal. Such appeal is due July 1, 2024, the first weekday following the close of the 15-day appeal period. If the appeal board grants a stay, Ms. Maron would continue to serve on CEC 2 and her seat would not be filled pending the final determination of the appeal. A final determination must be issued by the PEP no later than the 30th day following the date of filing of the last filed appeal paper. 8 NYCRR § 113.23. Furthermore, as a practical matter, Ms. Maron's seat would not be filled prior to July 1. Pursuant to Chancellor's Regulation D-140, Process for the Nomination and Selection of Members of the Community Education Councils, vacant CEC seats (other than for District 75 seats) may only be filled by election at a public meeting after the CEC has publicized the vacancy widely and established a time period for submitting applications, and an internal DOE office has reviewed the applications to determine the eligibility of the candidates. D-140(IX)(A)(2). According to CEC 2's website, the next scheduled meeting for the CEC is July 10, 2024.[4] Ms. Maron can file an appeal to the PEP and seek a stay of the June 14 Order prior to that date. Ms. Maron can also appeal the PEP's final determination to the Commissioner of Education of the State of New York, which also provides a procedure to stay proceedings. N.Y. Educ. Law § 311(2); 8 NYCRR § 113.25; 8 NYCRR § 276.1(a).

There is no basis for the Court to grant the extraordinary remedy of reinstating Plaintiff Maron because, among other reasons, Plaintiff Maron may appeal and seek a stay of the June 14 Order through the processes provided by the Education Law as outlined above. Plaintiffs will thus not suffer any irreparable harm should the Court deny the requested injunctive relief. Thank you for your consideration of this matter.

Respectfully Submitted,

    /s/ Jordan Doll
Jordan Doll
Assistant Corporation Counsel

Encl.
cc: All counsel of record
(via ECF)

---

[3] As directed by the Court, Ms. Anderson, who appeared as co-counsel for the DOE Defendants, is in the process of putting in a Notice of Appearance.

[4] *See Upcoming Meetings*, CEC 2, https://www.cecd2.net/jobs (last visited June 20, 2024).