UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
DEBORAH ALEXANDER, et al.,  : Case No. 1:24-cv-2224-DG-JRC
                            :
            Plaintiffs,     :
                            :
        v.                  :
                            :
TAJH SUTTON, et al.,        :
                            :
            Defendants.     :
------------------------------------------------------------------X

### Declaration of Maud Maron

I, Maud Maron, declare and state as follows:

1. On June 27, 2024, I appealed Chancellor Banks's decision to remove me from office to the Panel for Educational Policy ("PEP") pursuant to N.Y. Educational Law § 2590-l. I also applied to the PEP to stay enforcement of Chancellor Banks's removal order per 8 NYCRR § 113.7.

2. Attached as Exhibit K is a true and correct copy of that appeal and application, which I submitted via email today to PEP Chair Greg Faulkner, with a copy to New York City Public Schools General Counsel Liz Vladek.

3. The PEP had already drafted, circulated, and calendared a resolution calling for my removal from office even before Chancellor Banks removed me. That resolution passed by a vote of 13-0, with six abstentions. PEP Chair Greg Faulkner joined three other PEP members as a co-sponsor of that resolution.

4. Attached as Exhibit L is a true and correct copy of that resolution.

5. As I declared earlier, Dkt. 13-4, ¶¶ 27-29, my political opponents had threatened to take action against me for drafting and co-sponsoring CEC D2 Resolution #248, which asked for a review of the 2019 Gender Guidelines and the inclusion of female athletes, coaches, parents and doctors in the proposed review. PEP's June 20 resolution characterized the request for a review committee as "hateful" and "not in line with NYCPS values," and "urged" Chancellor Banks to "remove citywide and community education council members who promote hatred and intolerance." Exh. L.

6. Accordingly, I believe this appeal and stay request to the PEP is futile. I do not intend for this to be a substitute for the relief I am seeking in this case, and the PEP lacks competence to interpret the Constitution. In any event, even a successful appeal to the PEP would not remove the chill that Regulation D-210 imposes on my speech as an elected CEC member.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 27, 2024.

*Maud Maron*
———————————————
Maud Maron