# EXHIBIT K

June 27, 2024

Greg Faulkner
Chair, Panel for Education Policy

    Via email to Gregfaulkner1@gmail.com

    <u>Appeal of Chancellor's Order and Application for Stay</u>


Dear Chair Faulkner,

I am writing to you in your capacity as Chair of the Panel for Education Policy (PEP) to lodge an appeal of my removal from Community Education Council (CEC) for District 2 by Chancellor David Banks on June 14, 2024 pursuant to New York Education Law § 2590-l.

This letter serves as my appeal of that order.

I also hereby apply for the PEP to stay enforcement of the Chancellor's removal order pursuant to 8 NYCRR § 113.7, pending a final determination of this appeal. The removal order should be stayed because there are substantial grounds for the appeal, and because there is a meaningful chance that the federal court will enjoin the enforcement of Regulation D-210 and order my reinstatement. Staying my removal will prevent an appointment that may soon be determined to be unlawful. A stay will prevent a situation where a person appointed to fill this seat would have to be removed from office in order to effectuate any decision holding that my removal was unlawful and should be reversed.

With regard to the stated reason that Chancellor Banks removed me I will reiterate what I have stated publicly. I did not target any student when I spoke to the NY Post reporter regarding antisemitism and an anonymous Op-Ed at my daughter's school. I merely characterized the decision to hide one's identity when laundering falsehoods in the same way that Mayor Adams characterized mask wearing at protests, by using the word "coward." Both Mayor Adams and I have the right to advance that point of view and neither Mayor Adams nor I should be removed from our respective elected offices for our words.

My removal was also unlawful because Regulation D-210 only covers my own speech. I cannot be held responsible for the speech of other people. Chancellor Banks, however, relied upon comments that other people made, in the comment section of a NY Post article. I did not write that article, nor did I write those comments.

New York law requires an appeal board to issue a final determination within 30 days of the last filed appeal paper. 8 NYCRR § 113.23. I ask, however, for an expedited review of this matter as the next CEC District 2 meeting is scheduled for July 10, 2024 and as it is the start of the second year of the term internal elections for officers will occur on that date.

I have been unable to find any published instructions on the PEP or NYC DOE website regarding the appeals process. Please advise me of any additional information the PEP may need from me or my attorneys to expeditiously render a decision in this matter and please further advise if the PEP has ever promulgated any rules, regulations or procedures by which to enact the appellate process referred to in NY Education Law § 2590-l.

Please also advise me as to what rules, if any, govern conflicts of interest for PEP members within this process. I believe that you, and all PEP members, have a clear conflict of interest in hearing my appeal, as the panel recently called for my removal from CEC D2. PEP's call for my removal is based solely on mischaracterizing a resolution I wrote and which my council passed in March of this year, by an 8 to 3 vote, as "hateful". CEC D2 Resolution #248 asked for a review of the 2019 Gender Guidelines and the inclusion of female athletes, coaches, parents and doctors in the proposed review–a request which is in the regular and everyday functioning of any CEC. You characterized the request for a review committee as "hateful" and "not in line with NYCPS values" and "urged" Chancellor Banks to "remove citywide and community education council members who promote hatred and intolerance."

The PEP resolution entitled "RESOLUTION TO AFFIRM AND PROTECT TRANSGENDER STUDENTS IN NEW YORK CITY PUBLIC SCHOOLS" which exhorted Chancellor Banks to remove me and other councilmembers from our elected positions for passing CEC Resolution #248 was listed in the agenda as co-sponsored by three PEP members, but at the June 20th meeting you asked to be included as a co-sponsor of the PEP resolution and your request was granted. Thus you are a co-sponsor for a PEP resolution passed on June 20, 2024 which characterized a democratically passed CEC D2 resolution as hateful and urged my and others removal from our elected position for passing it. The PEP resolution is attached herein.

The relevant language is:

> *WHEREAS, Chancellor David Banks has denounced hateful rhetoric by parent leaders towards any group of students and has stated that Community Education Council for Community School District 2's Resolution 248 is not in line with NYCPS values and is in direct opposition to NYCPS official policy;*
>
> *THEREFORE, BE IT RESOLVED that Chancellor David Banks and NYCPS' Office of Family and Community Engagement (FACE) are urged to expeditiously and decisively take any and all corrective action within their authority to remove citywide and community education council members who promote hatred and intolerance.*

After you asked to be included as a co-sponsor the PEP resolution passed 13 in favor, six abstentions, zero "no" votes. Given your and other PEP members clear conflict, please provide the mechanism by which I will receive a fair, impartial and unbiased review of my appeal.

Best,

Maud Maron