EXHIBIT P



-------------------------------------------------------------------- x

**Appeal of Chancellor's Order
Removing Maud Maron**

**Memorandum of Law in
Response to Appellant's
Reply and in Further
Support of Respondent's
Answer**

-------------------------------------------------------------------- x

To the Board of Education of the City of New York:

Pursuant to the July 16, 2024 order issued by the designated appeal panel of the Panel for Educational Policy ("PEP") in the above-captioned matter, Respondent, the Chancellor of the New York City Department of Education ("DOE"), by his attorney Liz Vladeck, DOE General Counsel, hereby submits the following memorandum of law as a supplemental response to the July 11, 2024 reply (the "Reply") of appellant, Maud Maron ("Appellant"), in connection with her appeal of Respondent's June 14, 2024 order removing Appellant from Community Education Council 2 (the "Appeal") and in further support of Respondent's Verified Answer.

**Statement of Facts**

A more detailed statement of the facts underlying this matter is set forth in Respondent's Verified Answer dated July 8, 2024. A brief summary and additional facts as relevant to the instant filing are set forth below.

Appellant is a plaintiff in a lawsuit, *Alexander v. Sutton*, against Respondent and other defendants that is pending in the U.S. District Court for the Eastern District of New York. On June 20, 2024, the Office of the New York City Corporation Counsel, statutory counsel to the defendants in the *Alexander* lawsuit, served on Appellant and filed with the court a letter explaining the appeals process before the PEP that is available to removed community education council members, such as Appellant, under New York State Education Law 2590-l and Part 113 of the New York State Education Commissioner's Regulations. A copy of the June 20, 2024 letter is attached hereto as Exhibit A.

Approximately one week later, on or around June 27, 2024, Appellant submitted her Appeal by email to PEP Chairperson Gregory Faulkner. In her Appeal, she requested that the PEP "stay enforcement of the Chancellor's removal order pursuant to 8 NYCRR § 113.7, pending a final determination of this appeal." She also asked for an expedited review, citing 8 NYCRR § 113.23 when noting that the appeal board must generally "issue a final determination within 30 days of the last filed appeal paper."

On June 28, 2024, Alan Gura, Appellant's counsel in the lawsuit, emailed Jordan Doll, an attorney in the Office of the New York City Corporation Counsel, asking Ms. Doll to acknowledge "that the appeal and petition are submitted." Ms. Doll responded, "The appeal has been received." A copy of the correspondence is attached hereto as Exhibit B.

On July 8, 2024, Respondent served and filed his Verified Answer, explaining that the Appeal must be denied both on the merits and because Appellant failed to comply with several procedural requirements set forth in the Commissioner's Regulations—namely, that Appellant failed to properly file, serve, or verify her Appeal, and Appellant failed to include her phone number and address on her papers.

On July 11, 2024, Appellant submitted her Reply.

## **Argument**

In her Reply, Appellant disputes that her Appeal should be dismissed based on the procedural defects described in Respondent's Verified Answer. For the reasons set forth below, Appellant's arguments are without merit.

Appellant contends that Ms. Doll's email to Appellant's counsel stating that the "appeal has been received" "estop[s]" Respondent from asserting that the Answer's procedural flaws require dismissal. As a threshold matter, Ms. Doll is not involved in and does not represent Respondent in this administrative appeal, and has never indicated otherwise; she thus does not have authority to make representations on behalf of Respondent in this matter. Furthermore, and as Appellant's counsel is undoubtedly aware (and as Appellant, who is a lawyer,[1] is likely also aware), Ms. Doll's response that Appellant's Appeal had been "received" does not speak to whether the Appeal was properly served or filed or otherwise procedurally sufficient—which Ms. Doll also told Appellant's counsel. *See* Ex. B.

Appellant also urges the appeal panel to disregard her procedural defects because she was not aware of the applicable rules. She further suggests—in stating that the "'City Board' . . . ceased meeting and functioning"[2]—that she did not know that the PEP is the "city board" as referenced in the relevant Commissioner's Regulations pertaining to the appeals process. Appellant's

---

[1] *See* Appellant's LinkedIn and Instagram profiles, available at https://www.linkedin.com/in/maudmaron/ and https://www.instagram.com/maudmaronnyc/?hl=en, respectively (last visited July 18, 2024).

[2] Appellant is incorrect. The city board continues to exist and function, as explicitly set forth in New York Education Law § 2590-b(1)(a). *See also* N.Y. Educ. Law § 2590-g.

arguments are disingenuous. First, Ms. Doll's June 20, 2024 letter, which was served on Appellant, expressly referenced the set of Commissioner's Regulations applicable to this appeals process. *See* Ex. A, p. 2. Second, Appellant also references several specific provisions of the relevant Commissioner's Regulations in her Appeal. *See* Appeal. Third, Ms. Doll's letter explicitly advised that the "city board" as referenced in the relevant Commissioner's Regulations is "also known as the Panel for Educational Policy ("PEP")." *See* Ex. A, p. 2. This information is also stated on the PEP's public website. *See* PEP Bylaws, Article I: Preamble, available at https://www.schools.nyc.gov/get-involved/families/panel-for-education-policy/pep-bylaws ("1.2. Vision: The Board of Education of the City School District of the City of New York, also known as the Panel for Educational Policy ('PEP') . . . ." (last visited July 18, 2024)).

In short, Appellant's excuses for failing to comply with the procedural requirements do not save her Appeal from dismissal. "The Commissioner has long held … that ignorance of applicable laws and regulations does not excuse a petitioner's lack of compliance therewith." Application of S.D., 60 Ed Dept, Decision No. 18009, 2021 WL 2715773, at *2 (June 21, 2021 NYSED) (dismissing application based on procedural defects and rejecting petitioner's explanation that "he was unaware of the requirements for commencing an appeal to the Commissioner of Education"). Moreover, the Commissioner specifically has found that a *pro se* petitioner who alleged that the respondent school district had actual notice of her appeal did not excuse her failure to properly serve her appeal. Appeal of E.F.-I. on behalf of her son, D.F.-I., 57 Ed Dept, Decision No. 17241, 2017 WL 5228742, at *3 (Dec. 1, 2017 NYSED) (dismissing the appeal).

Based on the foregoing and for the reasons set forth in Respondent's Answer, the Appeal must be dismissed.

Dated: New York, New York
        July 19, 2024

_____
Liz Vladeck
Attorney for Respondent
General Counsel to the Chancellor
52 Chambers Street, Rm. 308
New York, NY 10007
212-374-3440