| | | |
|---|---|---|
| **MURIEL GOOD-TRUFANT**<br>*Acting Corporation Counsel* | T**HE** C**ITY OF** N**EW** Y**ORK**<br>L**AW** D**EPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **JORDAN DOLL**<br>*Assistant Corporation Counsel*<br>Phone: (212) 356-2624<br>Email: jdoll@law.nyc.gov |

July 30, 2024

Judge Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Alexander et al. v. Sutton et al.* 24-cv-2224 (DG)(JRC)
         Plaintiffs' Notice re: Preliminary Injunction

Dear Judge Gujarati:

      I am an Assistant Corporation Counsel in the Office of the Corporation Counsel of the City of New York. I write on behalf of the New York City Department of Education ("DOE"), DOE Chancellor David C. Banks, and DOE Equity Compliance Officer Nina Mickens (collectively, "DOE Defendants") to address Plaintiffs' July 23, 2024 "Notice re: Preliminary Injunction" in the above-referenced matter. *See* ECF No. 53-55. As the Court has granted the application to re-schedule the settlement conference, *see* ECF No. 58, and the parties have filed their joint status letter apprising the Court of recent developments in the case, *see* ECF No. 60, this submission shall only address Plaintiffs' representations about certain correspondence between myself and Plaintiffs' counsel, Alan Gura, relating to Defendant Maud Maron's submission of her appeal of the Chancellor's June 14, 2024 order removing her from Community Education Council 2 ("CEC 2") to the Panel for Educational Policy ("PEP").

      As the Court is aware, on June 20, 2024, DOE Defendants filed with the Court a letter explaining the appeals process before the PEP that is available to removed community education council ("CEC") members, such as Ms. Maron, under New York State Education Law 2590-l and Part 113 of the New York State Education Commissioner's Regulations (the "Commissioner's Regulations"). *See* ECF No. 49.

      Approximately one week later, on or around June 27, 2024, Ms. Maron submitted her appeal by email to PEP Chairperson Gregory Faulkner. In her appeal, she requested that the PEP "stay enforcement of the Chancellor's removal order pursuant to 8 NYCRR § 113.7, pending a final determination of this appeal." She also asked for an expedited review, citing 8 NYCRR § 113.23 when noting that the appeal board must generally "issue a final determination within 30 days of the last filed appeal paper." ECF No. 53-2.

On June 28, 2024, Alan Gura, Plaintiffs' counsel in the lawsuit, emailed me and asked me to acknowledge "that the appeal and petition are submitted." *See* ECF No. 55-6. I responded, "The appeal has been received." *See id*. On June 28, 2024, I also directed Plaintiffs' counsel to contact the PEP directly if they had questions regarding Ms. Maron's appeal. *See* ECF No. 55-4.

On July 8, 2024, Defendant Chancellor Banks served and filed his Verified Answer, explaining that the appeal must be denied both on the merits and because Ms. Maron failed to comply with several procedural requirements set forth in the Commissioner's Regulations: Ms. Maron failed to properly file or properly serve her appeal; she failed to verify her appeal; and she failed to include her phone number and address on her papers. On July 11, 2024, Ms. Maron submitted her reply, arguing, among other things, that the Chancellor was "estop[ped]" from seeking dismissal on procedural grounds based on my June 28 email to Mr. Gura. *See* Maron Reply, July 11, 2024, attached hereto as Exhibit 1. On July 19, 2024, pursuant to an order issued by the appeal panel of the PEP, Chancellor Banks submitted a Memorandum of Law in Response to Appellant's Reply and in Further Support of Respondent's Answer ("Supplemental Memo"), attached hereto as Exhibit 2.

As also discussed in the Supplemental Memo, I am not involved in and do not represent Chancellor Banks in Ms. Maron's administrative appeal, and I have never indicated otherwise. Thus, I do not have authority to make representations on behalf of Chancellor Banks in connection with that appeal. As Ms. Maron's counsel is presumably aware, my response that the appeal had been "received" does not speak to the appeal's procedural sufficiency—which I also conveyed to Ms. Maron's counsel on July 11, 2024. *See* ECF No. 55-6. In sum, I cannot advise on the procedural sufficiency of Ms. Maron's submission and my email response was extended as a professional courtesy as to whether the emailed appeal had indeed been received, not an advisement as to whether Ms. Maron had complied with applicable procedural requirements.

Moreover, DOE Defendants' June 20 letter clearly set forth the title and Part of the Commissioner's Regulations containing the procedures applicable to a CEC member's appeal of their removal or suspension. *See* ECF No. 49. Arguing that my email to Mr. Gura precludes the Chancellor from raising the procedural defects of Ms. Maron's appeal in his response to that appeal impermissibly undermines State regulations that govern such appeal proceedings. Further, to argue that I can legally advise on the sufficiency of Ms. Maron's submission risks conjoining the administrative appellate process with this federal action, comingling what are, by design, separate avenues to address the relief Ms. Maron seeks.

Thus, it was entirely proper for Chancellor Banks to seek dismissal of Ms. Maron's appeal on the merits as well as on procedural grounds. Any suggestion that DOE Defendants have engaged in bad faith or any other type of improper conduct in connection with the PEP appeal is wholly unfounded.

Sincerely,

__/s/ *Jordan Doll*____
Jordan Doll
*Assistant Corporation Counsel*