

**MURIEL GOOD-TRUFANT**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JORDAN DOLL**
*Assistant Corporation Counsel*
Phone: (212) 356-2624
Email: jdoll@law.nyc.gov

August 20, 2024

Judge Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Alexander et al. v. Sutton et al.* 24-cv-2224 (DG)(JRC)
  Status of the Corporation Counsel's Representation of the CEC 14

Dear Judge Gujarati:

I am an Assistant Corporation Counsel in the Office of the Corporation Counsel of the City of New York, attorney for, *inter alia*, Community Education Counsel ("CEC") 14 and the named CEC 14 members in their official capacities. I write to provide the Court information concerning the Corporation Counsel's relationship with CEC 14 and its members, and how recent developments impact the Corporation Counsel's ability to effectively respond to the Court's request to narrow the issues in dispute in this matter.

New York Ed. Law §§ 2590-e and 2590-f and § 394 of the New York City Charter mandate that the Corporation Counsel is the statutory counsel for all Community Education Councils and their members. Accordingly, the Corporation Counsel has appeared as statutory counsel for CEC 14, and for Ms. Sutton and Ms. Manzanares in their official capacities only, given their position as officers of CEC 14. Jonathan Wallace represents Ms. Sutton and Ms. Manzanares in their individual capacities. Mr. Wallace informed me that the members of CEC 14 oppose having the Corporation Counsel as their attorney in this matter and have signed a contract to retain Mr. Wallace as attorney for CEC 14, and for Ms. Sutton and Ms. Manzanares in their official capacities. As explained below, this contract is legally ineffective as the CEC 14 members lack the authority to retain counsel for CEC 14 or for its members in their official capacities. Additionally, CEC 14 has chosen not to communicate with the Corporation Counsel concerning the issues in this case nor to discuss who has ultimate settlement authority. This disagreement and lack of

communication has caused challenges for the Corporation Counsel in fulfilling its statutory duties to the CEC 14 and the CEC 14 members.[1]

The statutory authority to represent the CEC and its members is binding and cannot be abrogated by choice or private outside agreement. Although there is a common law exception to the exclusive representation power of the Corporation Counsel under section 394 of the Charter, this is triggered only where there is a good faith dispute between public agencies or officials represented by the Corporation Counsel with respect to the scope or exercise of their powers or where other narrow circumstances are present. Were such a conflict to exist and alternative counsel authorized, the City would be responsible for the cost of such alternative representation. *See Cahn v. Town of Huntington*, 29 N.Y.2d 451, 455 (1972). *See also Lamberti v. Metro. Transp. Auth.*, 170 A.D.2d 224, 225 (App. Div. 1st Dept. 1991) ("[t]he only judicially created exceptions to the rule that the Corporation Counsel has exclusive authority to conduct all law business of the City and its officers are where there is a void in representation created by the Corporation Counsel's disqualification from representation because of, for example, conflict of interest, fraud, collusion, corruption or incompetence…")." Mere non-cooperation with the Corporation Counsel's Office or disagreement about litigation strategy does not constitute a good faith dispute that would justify separate counsel at taxpayer expense; any other result would encourage such non-cooperation in order to obtain taxpayer-funded counsel. In the absence of a good faith dispute, the Corporation Counsel opposes any alternate representation for CEC 14 or any member in their official capacity as unauthorized by applicable law.

On July 22, 2024, I reached out to CEC 14 to formally request a meeting to discuss whether they could provide additional facts that would assist in defending this litigation or provide a potential basis for justifying separate counsel for CEC 14 under applicable common law. I did not receive a response, but Mr. Wallace indicated the CEC 14's individual members did not think a meeting was appropriate at this juncture. I contacted the members again on August 1, 2024, reiterating this Office's view that a meeting was necessary to discuss the litigation and indicating that I would write to the Court if I did not receive a response. To date, I have not received a response.

At this time, and despite the desires of CEC 14, the Corporation Counsel remains statutory counsel for CEC 14 and its members in their official capacities. Agency officials, including CEC members, do not have final authority over litigation strategy. *See Kay v. Bd. of Higher Educ.*, 260 A.D. 9 (1st Dept. 1940) (Corporation Counsel's decision not to appeal was final, despite the disagreement of the board of higher education). However, given the strained relationship between the Corporation Counsel and CEC 14, the Law Department is hesitant to engage in settlement discussions concerning these defendants or to enter into a settlement agreement on their behalf. In fact, Mr. Wallace has conveyed his belief that the CEC 14 need not comply with a settlement agreement negotiated by this Office and this Office cannot compel their compliance.

---

[1] Ms. Sutton was removed from the CEC 14 on or about June 14, 2024 and her appeal of the removal to the Panel for Education Policy ("PEP") was denied on or about August 9, 2024.

Given the current state of the relationship between the CEC 14 members and the Office of the Corporation Counsel, the Law Department is concerned about its ability to enter into, or even to facilitate, an amicable settlement of this matter on behalf of the CEC 14 defendants.

Respectfully,

\_\_/s/ *Jordan Doll*_____
Jordan Doll
*Assistant Corporation Counsel*

cc: All counsel of record
 (via ECF)
 CEC 14 (via email)