EXHIBIT S

---------------------------------------------------------------x

In the Matter of the Appeal from an order

dated June 14, 2024, issued by                                ORDER

Chancellor David C. Banks Removing Maud Maron

From Community Education Council 2

---------------------------------------------------------------x

**We are affirming the order of the Chancellor to remove appellant from Community Education Council through June 30, 2025. Grounds for the proposed order and for rendering our recommendation are based on the NYS Education Law 2590-l and the Chancellor's Regulations, particularly D-210, and are set forth below.**

Procedural History

On June 14, 2024, Chancellor David Banks issued an Order removing Maud Maron from Community Education Council ("CEC") 2 through June 30, 2025, effective immediately (the "Order"). The removal Order contains the Chancellor's reasoning leading up to this decision. On June 27, 2024, Ms. Maron submitted a letter as her appeal of the Order. Ms. Maron also requested a stay of the Order and an expedited appeal, noting the pendency of her federal court action. The Chair of the Panel for Educational Policy ("PEP") appointed a 3-member appeal board (the "Appeal Board") to review the appeal and make a recommended order to the full PEP for a final determination whether to affirm, reverse or modify the Order.

On July 8, 2024, the Chancellor served and filed his answer to the appeal, setting forth the procedural errors in the Maron submission as well as the substantive reasons why the Order should be affirmed. The Chancellor's answer included the Order (Answer, Exhibit A) and the 4/16/24 D-210 Order issued by Kenita Lloyd in her (former) capacity as Deputy Chancellor of Family and Community Engagement & External Affairs, designee for the Chancellor to issue determinations on complaints filed under Chancellor's Regulation D-210 (Answer, Exhibit B). Ms. Maron served and filed a reply dated July 11, 2024. Also on July 11, 2024, the Appeal Board issued an order denying the request for a stay and expedited appeal. The Appeal Board then requested the Chancellor to respond to the Maron reply, and, on July 19, 2024, the Chancellor served and filed a Memorandum of Law in Response to Appellant's Reply and in further support of Respondent's Answer (the "Sur-Reply"). Attached as Exhibit A to the Sur-Reply was a June 20, 2024, letter to the federal court, with a copy to Ms. Maron's counsel in that action, explaining the process available to Ms. Maron under New York Education Law 2590-l and Part 113 of the NYS Commissioner's Regulations. Exhibit B to the Sur-Reply is an email chain between Ms. Maron's counsel and the Assistant Corporation Counsel handling the federal court action.

In the Matter of the Appeal of Maud Maron

Basis for Decision to Affirm the Order

In rendering our decision, we referred, reviewed, and analyzed the NYS Education Law 2590 (2590 l) and the Chancellor's Regulations, particularly D210.  We answered the following questions regarding the governing rules and regulations:
- Were the rules and regulations upheld and followed?
    - NYS Education Law 2590 and Chancellor's Regulations (CR) D-210 were upheld and followed by Respondent, NYC Chancellor David C. Banks.
- Were the rules and regulations violated?
    - We conclude that Respondent, Chancellor David C. Banks, did not violate the NYS Law or Chancellor's Regulation D-210.
- Was the removal outside the scope of the roles and responsibilities of Respondent?
    - Respondent, Chancellor Banks, acted within the scope of the roles and responsibilities that are set forth in NYS Education Law 2590 and the Chancellor's Regulation D-210 as the Chancellor of NYC Public Schools ("NYCPS").
- Were the rights of Appellant violated?
    - The rights of Appellant, Maud Maron, were not violated by Respondent.  The Respondent gave several opportunities to Appellant to change the conduct and path that would lead to the removal of Appellant.
- Did Appellant violate her fiduciary responsibilities, and the rules and regulations cited for removal?
    - We conclude that Appellant, Maud Maron, engaged in conduct /acts that constituted a violation of Chancellor's Regulation D-210(II)(C) & (D) and NYS Education Law 2590-l.
        1. "The byline should read coward instead of anonymous. If you are going to repeat revolting Hamas propaganda and transcribe your ignorance and Jew hatred, put your name to it" were the words used by Appellant regarding a NYCPS student. Chancellor's Regulation D-210(II(D) clearly states: "**The DOE does not tolerate disrespect toward children. Council members shall not engage in conduct involving derogatory or offensive comments about any DOE student.**"
        2. There was clear and convincing evidence sustaining multiple D-210 complaints filed against Appellant for violating Chancellor's Regulation D-210(II)(C) & (D).  Section II© of the regulation states: **"Council Members shall not engage in conduct that serves to harass, intimidate, or threaten, including but not limited to frequent verbal abuse and unnecessary aggressive speech that serves to intimidate and causes others to have concern for their personal safety."**  Appellant's behavior toward other parents /caregivers and further actions in engaging in derogatory and offensive comments about a NYC Public School student violated this provision of the Chancellor's Regulation.

Appellant's lack of remorse is evident. She fails to admit that her behavior was not in line with state laws, Chancellor's regulations, NYCPS' mission and vision, and more importantly fiduciary care /responsibilities to all NYCPS scholars and behavior befitting an education council

member. The role of a CEC member is to review the district's educational programs and assess their effect on student achievement and not to name call, cast shame, make disparaging remarks or create pathways that will do harm to a scholar's mental, emotional, social, and physical state.

Regarding Appellant's claim that the Appeal Board assigned to the Maron Appeal and the PEP are in conflict of interest to hear this case (especially those who voted in favor of a resolution at the PEP meeting on June 20, 2024), this claim must be rejected. Commissioner's Regulations, 8 NYCRR Section 113 sets forth the procedure for an appeal of the Order:
- The three-person panel shall be chosen from the PEP members.
- The Appeal Board, if designated, will provide a recommendation to fellow PEP members.
- The **ENTIRE** PEP body will vote on the final decision to confirm, modify, or reverse Respondent's removal order.

Furthermore, the PEP's RESOLUTION TO AFFIRM AND PROTECT TRANSGENDER STUDENTS IN NEW YORK CITY PUBLIC SCHOOLS (passed on June 20, 2024), to which appellant refers, was directed to the entire NYCPS including parent organizations (CEC 2 resolution 248 was specifically named in the second of two resolutions passed on June 20, 2024) and **not** to Appellant directly. The resolution was not the cause or reason why Appellant was removed from CEC 2 as implied in Appellant's appeal. A relevant portion of the resolution reads:

*WHEREAS, Chancellor David Banks has denounced hateful rhetoric by parent leaders towards any group of students and has stated that Community Education Council for Community School District 2's Resolution 248 is not in line with NYCPS values and is in direct opposition to NYCPS official Policy;*

*THEREFORE, BE IT RESOLVED that Chancellor David Banks and NYCPS' Office of Family and Community Engagement (FACE) are urged to expeditiously and decisively take any and all corrective action within their authority to remove citywide and community education council members who promote hatred and intolerance.*

Respondent's Answer and Sur-Reply to Appellant's appeal clearly explains the statutory authority of the removal order. Resolution 248 is unrelated to the reasons underlying the Order. This point is further stated and emphasized in the Respondent's Supplemental Memo which contained a detailed Statement of Facts and Arguments, none of which relate to the issues addressed in CEC 2's Resolution 248.

In Appellant's appeal, it states first that the NY Post article which Appellant did not write was the cause of removal, failing to recognize it was Appellant's quote describing a NYCPS student as a coward that was the violation of Chancellor's Regulation D-210. Appellant's actions, behavior, and disparaging remarks were the direct and only cause for Appellant's removal. **There is no conflict of interest** and state laws are clear on the appeal process.

The Appeal Board proceeded accordingly and responded within the timeline allotted by the Commissioners Regulations 113 in the matter of the Appeal of Maud Maron.

Accordingly, pursuant to 8 NYCRR section 113.23, by a vote of the majority of the members of the PEP, it is hereby ORDERED that Respondent's removal order of June 14, 2024, is upheld in its entirety.  The order is affirmed.

SO ORDERED

August 19, 2024