

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JORDAN DOLL**
Tel.: 212-356-2624
email: jdoll@law.nyc.gov

August 28, 2024

**VIA EMAIL**
Hon. James R. Cho
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
Email: cho_chambers@nyed.uscourts.gov

      Re:    <u>Alexander et al. v. Sutton et al.</u>
             24-cv-02224 (DG)(JRC)
             Re: status update

Dear Judge Cho:

    I am an Assistant Corporation Counsel in the Office of the Corporation Counsel of the City of New York and write on behalf of Defendants New York City Department of Education ("DOE"), DOE Chancellor David C. Banks, and DOE Equity Compliance Officer Nina Mickens (collectively "DOE Defendants"), and the Community Education Council ("CEC") 14 and its named members in their official capacities. Pursuant to your August 27, 2024 Order, DOE and CEC 14 Defendants submit a status update on progress towards settlement in the above-referenced matter.

### A.    Additional Procedural and Factual Background

    On August 19, 2024, the Panel for Educational Policy ("PEP") denied Ms. Maron's appeal of the Chancellor's order removing her from Community Education Council 2 ("CEC 2") pursuant to Education Law § 2590-l.[1] Should Ms. Maron still wish to challenge her removal, her

---

[1] On August 27, 2024, the Court approved DOE Defendants' request of an extension time to respond to Plaintiffs' allegations (ECF No. 56) that, due to an email exchange between Plaintiffs' counsel and me, the DOE waived procedural arguments against Ms. Maron's appeal to the PEP.

next step is to appeal the PEP's determination to the Commissioner of Education of the State of New York (the "Commissioner"). See 8 NYCRR § 113.25; see generally N.Y. Educ. Law § 310. To date, DOE Defendants have not been served with notice of any appeal to the Commissioner of Ms. Maron's removal. [2]

Ms. Sutton was removed from the CEC 14 on or about June 14, 2024 and her appeal of that removal to the PEP was denied on or about August 9, 2024. Ms. Sutton failed to timely file an appeal to the Commissioner.[3]

### B. CEC 14 Defendants

Today (August 28, 2024), counsel for Tajh Sutton and Marissa Manzanares in their individual capacities and I discussed avenues to settle the first three items of relief.[4] Progress was made on aligning all Defendants' positions. While these discussions remain confidential at this stage, Defendants are hopeful they can make an offer to Plaintiffs this week or early next week concerning the X account and CEC 14 meetings.

### C. DOE Defendants

Plaintiffs challenge Sections II(C), (D), and (E) of Chancellor's Regulation D-210.[5] In connection with the DOE's anticipated revision of Sections II(C) and (D), which are the D-210

---

To clear any possible confusion, the DOE respectfully refers the Court to the July 30, 2024 letter (ECF No. 61), where the DOE Defendants refuted Plaintiffs' arguments concerning the waiver of procedural arguments.

[2] Ms. Maron is also not prohibited from applying for membership in citywide education council(s) for which she is eligible, nor is she prohibited from applying to serve as a CEC 2 member in the upcoming term.

[3] As previously noted, Ms. Sutton's removal is not at issue in this action, however, given that Ms. Sutton's removal has also been referenced in prior filings, DOE Defendants include this information for the Court's awareness.

[4] Mr. Wallace and I agree that Mr. Wallace represents Ms. Sutton and Ms. Manzanares in their individual capacities only while the Corporation Counsel represents the CEC 14 and its members in their official capacities.

[5] The challenged provisions are below.

    (i)    "Council Members shall not engage in conduct that serves to harass, intimidate, or threaten, including but not limited to frequent verbal abuse and unnecessary aggressive speech that serves to intimidate and causes others to have concern for their personal safety." Section II(C).

    (ii)    "The DOE does not tolerate disrespect towards children. Council members shall not engage in conduct involving derogatory or offensive comments about any DOE student." Section II(D).

provisions at issue in Ms. Maron's removal, the Chancellor has waived enforcement of those provisions effective August 28, 2024, pending review. The regulation, including the advisory memorializing this waiver, is available at https://www.schools.nyc.gov/docs/default-source/default-document-library/d-210.pdf. Given that DOE cannot unilaterally or immediately revise the regulation, because revisions to Chancellor's Regulations require both a 45-day public notice and comment period as well as approval by the PEP, see N.Y. Educ. Law § 2590-g(1)(c) and (8), the Chancellor has taken the immediate step of waiving enforcement while DOE prepares to post revisions in an effort to address Plaintiffs' concerns. This is a further reason that a preliminary injunction is not appropriate at this time.

All Defendants' position remains that a preliminary injunction is an extraordinary remedy not warranted in this instance. Defendants have offered substantive concessions concerning D-210, and hope to make an offer concerning the CEC 14 meetings and the X account in the near future; an injunction is unnecessary at this juncture given the opportunity for further progress without Court-ordered intervention.

Respectfully Submitted,

/s/ *Jordan Doll*

Jordan Doll
*Assistant Corporation Counsel*

---

(iii) "Council Members shall not engage in conduct that would publicly reveal, share or expose private or personally identifiable information about a DOE student or a member of such student's family without their consent." Section II(E).