

February 5, 2025

The Hon. James R. Cho
U.S. Magistrate Judge
225 Cadman Plaza East
Brooklyn, NY 11201

    *Via ECF*

    Re:    *Alexander v. Sutton*, No. 1:24-cv-2224-DG-JRC

Dear Judge Cho:

Plaintiffs submit the following letter on a discovery dispute with individual-capacity Defendants Tahj Sutton and Marissa Manzanares and respectfully request that the Court schedule a telephonic conference to resolve this dispute.

Plaintiffs conferred about this dispute repeatedly with counsel for Defendants Sutton and Manzanares, and both parties originally intended to submit a joint letter. Defendants, however, did not prepare their portion of the joint letter by the agreed-upon deadline and indicated that they may submit a separate letter instead.

FACTUAL BACKGROUND

Under this Court's scheduling order, entered September 19, 2024, parties are permitted to amend the pleadings or join additional parties without good cause through February 6, 2025, and must complete fact discovery by March 11, 2025.

As the parties' most recent joint status report noted, see Dkt. 69 at 1, on December 6, Plaintiffs served two different sets of discovery requests (interrogatories, requests for production, and requests for admission) on the Department of Education [DOE] Defendants and the individual-capacity Defendants respectively. Because of the upcoming holidays, Plaintiffs offered Defendants an additional 21 days to respond to these requests—so that responses were due January 27, 2025.

On January 21, Plaintiffs' counsel emailed counsel for the individual-capacity Defendants, both to discuss potential dates for upcoming depositions and to remind them about the upcoming due date for the discovery responses. Counsel for the individual-capacity Defendants responded that he was "[w]orking on it" and "will come back to you by Friday," January 24.

On the due date itself (January 27), Plaintiffs' counsel sent a second reminder email to all counsel.

Plaintiffs did not receive responses to any of the discovery requests from the individual-capacity Defendants—either on January 27 or in the days following. Plaintiffs' counsel and counsel individual-capacity Defendants communicated multiple times by email and telephone during the next week about the unanswered discovery requests and the possibility of submitting a joint letter to this Court on the issue. All told, Plaintiffs' counsel emailed or called seven times about this issue (on January 28, January 29, January 31, February 3, February 4, and February 5)

and heard back from Defendants' counsel five times (on January 28, January 29, February 3, and February 5).

Because the deadline to amend the pleadings and join parties is February 6, Plaintiffs' counsel stated that this letter was constructively due by February 5. Defendants' counsel was traveling on January 28. On January 29, Plaintiffs' counsel sent a draft joint letter to Defendants, containing a section for Defendants to fill in their position on the dispute. On a phone call later that day, Defendants' counsel said he would get back about the letter soon.

In emails sent February 3, Defendants' counsel stated that he still wanted to prepare a joint letter with Plaintiffs and would have his edits and additions to Plaintiffs by the night of February 4. However, counsel never provided those edits and additions. Instead, on February 5, Defendants' counsel emailed to state that he may be leaving the case for undisclosed reasons and "ha[s] no authority right now to file a joint letter."

As a result, Plaintiffs now submit this separate letter.

PLAINTIFFS' POSITION

"The federal rules evince a liberal policy with regard to discovery in order to allow litigants to secure helpful evidence from the hands of their adversaries." *Schlesinger Inv. P'ship v. Fluor Corp.*, 671 F.2d 739, 742 (2d Cir. 1982). Counsel are expected to cooperate with each other in all phases of the discovery process, including in matters relating to scheduling. LOCAL CIV. R. 26.4(a).

Absent special agreement, parties must serve its answers and any objections to interrogatories and requests for production within 30 days after being served with the discovery requests. FED. R. CIV. P. 33(b)(2), 34(b)(2)(A). With requests for admission, however, a party is not required to respond at all. FED. R. CIV. P. 36(a)(3). Instead, "[a] matter is admitted unless . . . the party to whom the request is directed serves on the requesting party a written answer to object" within 30 days or the time agreed upon for responding. *Id.* Matters admitted are "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." FED. R. CIV. P. 36(b)

As all parties have already stated to this Court in their signed joint status report, see Dkt. 69 at 1, Plaintiffs served their discovery requests on December 6 and parties agreed to a short extension so that response was due on January 27. The individual-capacity Defendants, thus, have now admitted all the matters requested, and no court intervention in respect to the requests for admission is needed.

This Court, however, should compel individual-capacity Defendants to respond to the unanswered interrogatories and requests for production. *See* FED. R. CIV. P. 37(a). Depending on how long this Court allows Defendants to respond to these unanswered requests, this Court should also extend the current scheduling deadlines somewhat so that Plaintiffs can review Defendants' responses prior to the deadline to amend and join parties. The unanswered requests constitute good cause for a modification of the schedule. *See* FED. R. CIV. P. 16(b)(4). During a phone call, counsel for Defendants Sutton and Manzanares also indicated his support for an extension of the discovery dates and production date.

Moreover, the depositions of Defendants Sutton and Manzanares have been noticed for March 4. It will be difficult to hold those depositions if Defendants have not yet answered the discovery requests and produced documents by then. However, because the close of fact

discovery is March 11 and parties have other obligations, it is unlikely that those depositions could be rescheduled for a later date unless this Court extends the current scheduling deadlines.

Plaintiffs do not, at this time, ask that individual-capacity Defendants be sanctioned for their non-cooperation in the discovery process.

REQUEST FOR RELIEF

Plaintiffs respectfully request that this Court schedule a telephonic conference at its earliest convenience to resolve this dispute.

>Sincerely
>
>/s/ Nathan J. Ristuccia
>Nathan J. Ristuccia
>*Counsel for Plaintiffs*