

February 21, 2025

The Hon. James R. Cho
U.S. Magistrate Judge
225 Cadman Plaza East
Brooklyn, NY 11201

*Via ECF*

Re: *Alexander v. Sutton*, No. 1:24-cv-2224-DG-JRC

Dear Judge Cho:

In preparation for the hearing set on this matter March 6, Plaintiffs submit the following letter in response to the letter motion filed by Mr. Jonathan Wallace (presently, counsel for the individual-capacity Defendants Sutton and Manzanares) requesting to withdraw. *See* Dkt. 73.

Plaintiffs do not oppose Mr. Wallace's request to withdraw. Plaintiffs also do not object to his supplying this Court additional information on the matter through an ex parte conference or a filing under seal.

However, Plaintiffs object to the motion's request that Defendants Sutton and Manzanares "be given at least sixty days to retain replacement counsel," Dkt. 73 at 2, seemingly before any discovery would be due. Contrary to the letter's assertion, this case is not "very early in the proceedings" and discovery has in fact "commenced." See Dkt. 73 at 2. It is far advanced, and individual-capacity Defendants have repeatedly hindered it from progressing faster.

This case was filed almost a year ago. Dkt. 1. From the start, Defendants Sutton and Manzanares sought to obstruct the case, by evading service. *See, e.g.*, Dkt. 24; Dkt. 26; Dkt. 27. Since then, Defendants have proved so uncooperative that their own counsel admits that he cannot get them "to commit to dates, discovery content and other procedural matters" and apparently cannot even effectively communicate with them. Dkt. 73 at 1.

The close of discovery was originally set for March 11, although this Court recently granted Plaintiffs' and DOE Defendants' joint motion for an extension of time to complete discovery. *See* Dkt. 71. Plaintiffs sent discovery requests to Defendants Sutton and Manzanares on December 6, more than two months ago. Dkt. 69 at 1. Plaintiffs have repeatedly communicated with counsel for the individual-capacity Defendants about the overdue discovery, see Dkt. 70 at 1-2, but still have not received responses to the interrogatories and requests for production. Additionally, depositions of Defendants Sutton and Manzanares were originally noticed for March 4. *See id.* at 2-3. Last week, however, Plaintiffs agreed to delay those depositions while Mr. Wallace filed his motion to withdraw. Plaintiffs do not know when those depositions can be rescheduled and whether, even if rescheduled, Defendants will show up.

The individual-capacity Defendants' uncooperative behavior does not merit their receiving a sixty-day extension of their overdue discovery obligations. Instead, this Court should make clear to Defendants that they must immediately begin cooperating in the discovery process or else the disputed facts (see Dkt. 43) about which Plaintiffs seeks discovery will be taken as conclusively

established in Plaintiffs' favor for purposes of this case. *See* Fed. R. Civ. P. 37(b)(2)(A)(i). Plaintiffs also respectfully request that the Court hold a discovery conference at the March 6 hearing, in lieu of Plaintiffs' previously requested telephonic conference to resolve this dispute. Dkt. 70.

          Sincerely

          /s/ Nathan J. Ristuccia
          Nathan J. Ristuccia
          *Counsel for Plaintiffs*