

February 27, 2025

The Hon. James R. Cho
U.S. Magistrate Judge
225 Cadman Plaza East
Brooklyn, NY 11201

    *Via ECF*

    Re:    *Alexander v. Sutton*, No. 1:24-cv-2224-DG-JRC

Dear Judge Cho:

    Plaintiffs submit the following response to the letter filed by Mr. Jonathan Wallace (presently, counsel for the individual-capacity Defendants Sutton and Manzanares), requesting on behalf of Defendants Sutton and Manzanares that the in-person hearing scheduled for Thursday, March 6 be adjourned to Friday, March 7, "if that works for other counsel as well." *See* Dkt. 75.

    Plaintiffs oppose Defendants' request to adjourn, for three reasons. First, it does not "work[] for other counsel as well." *See id*. Plaintiffs' counsel are unavailable on March 7, due to pre-existing commitments that cannot be rescheduled.

    Second, the March 6 hearing was scheduled a week ago. Defendants have had a week to move for an adjournment but did not file their letter until this morning. It is unclear, moreover, if Mr. Wallace's letter even qualifies as a motion for adjournment. *See* Dkt. 75; Dkt. 76. The purpose of the letter was to comply with this Court's order on February 20 that, "[b]y 2/25/2025, Attorney Jonathan Wallace shall serve a copy of this Order on Defendants Marissa Manzanares and Tajh Sutton and file proof of service on ECF." Mr. Wallace chose to include within this proof of service—filed two days later than this Court ordered—a one-sentence request asking for an adjournment. *See* Dkt. 75.

    Mr. Wallace's letter does not comply with the requirements for a motion for an adjournment set forth in this Court's Individual Practices document. *See* Individual Practices at 2-3; *see also* LOCAL CIV. R. 7.1(d). Those requirements state that such motions must contain: "(1) the appearance date or deadline you wish to adjourn or extend; (2) the number of previous requests for adjournment or extension (by you or anyone else); (3) whether those previous requests were granted or denied; (4) whether the other party or parties consent (including any reasons given for withholding consent); and (5) whether the request affects any other scheduled Court appearance or deadline." Individual Practices at 2-3. Additionally, "[t]o the extent a party seeks to adjourn a Court conference, if appropriate, the party shall propose mutually convenient date(s) for the re-scheduled conference." *Id.* at 3.

    Mr. Wallace's letter does not state the number of previous requests, if these requests were granted, if other parties consent, or if rescheduling impacts other deadlines. It does not propose a mutually convenient date. The letter was not even "filed on ECF as a 'Motion' and not as a 'Letter'," *id.* at 2, so as a result, Plaintiffs cannot link this response to any motion on ECF.

The Hon. James R. Cho
Page **2** of **2**

Indeed, Defendants Sutton and Manzanares made no attempt to seek Plaintiffs' consent, learn Plaintiffs' schedule, or even inform Plaintiffs that Defendants intended to request an adjournment. The date Defendants propose is not mutually convenient, because—as stated above—Plaintiffs' counsel are unavailable on March 7.

With only a week remaining until March 6, it will be difficult to find a better time for all parties and counsel. Plaintiffs' lead counsel and second-chair counsel both live in the D.C. area, so they must change travel plans and potentially also book hotel rooms in order to appear in person. Last-minute bookings are expensive, and not all bookings are fully refundable. (Plaintiffs' counsel purchased plane tickets on February 21—the day after this Court scheduled the March 6 conference—to ensure they could attend.) These costs could have been avoided if Defendants had acted promptly and met the numerous deadlines they have missed over the last month.

Finally, there is no good cause to adjourn this conference—at least, none reflected in Mr. Wallace's letter. Indeed, Mr. Wallace's letter carefully avoids alleging to this Court that Defendants Sutton and Manzanares *cannot* attend the March 6 conference. Instead, the letter speaks vaguely about "work obligations and other commitments." Dkt. 75. The implication, then, is that Defendants Sutton and Manzanares *can* in fact attend the March 6 conference, but that it would be less convenient for them than a conference on March 7.

Defendants Sutton and Manzanares, however, have done nothing to secure anyone else's convenience. (At least one of the Plaintiffs, for instance, has already arranged his schedule to attend on March 6.) Sutton and Manzanares have not contacted Plaintiffs or their counsel about alternative dates, cooperated with service, answered discovery requests, made good faith efforts to resolve disputes, met court deadlines, or even communicated effectively with their own counsel. *See, e.g.*, Dkt. 74; Dkt. 73. Their bad behavior does not qualify as good cause to alter the schedule to fit their sole convenience.

Plaintiffs respectfully request that the Court continue to hold the in-person conference on March 6, as originally scheduled.

               Sincerely

               /s/ Nathan J. Ristuccia
               Nathan J. Ristuccia
               *Counsel for Plaintiffs*