UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Alexander, *et al.*                ,

        Plaintiffs,

        v.                            Case No.: 24 CV 2224

Sutton, *et al.*                ,

        Defendants.

## **FRE 502(d) Order and Confidentiality Agreement**

### *Confidentiality*

It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings:

(a)     The following documents and information may be designated as "confidential," provided such documents are not public and have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it [check all that apply]:

        __x__ Sensitive Commercial Data, such as confidential or proprietary research, development, manufacturing, or commercial or business information, trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and pricing data.

        __x__ Sensitive Personal Data, such as personal identifiers, financial information, tax records, employer personnel records, and private personally identifiable or FERPA-protected information about minor children or students.

        __x__ Medical and Legal Records, including medical files and reports.

        __x__ Non-public criminal history.

(b)     If any party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make application to the Court. Such application shall only be granted for good cause shown.

(c)     An attorney for the producing party may designate documents or parts thereof as confidential by stamping the word "confidential" on each page.

If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices "confidential," and incorporate by reference the appended material into the responses.

At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph (a) above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential Information" by the reporter.

(d) Documents designated "confidential" shall be shown only to the attorneys working on this action on behalf of any party (including paralegals and staff, stenographic and clerical employees, and contractors working under the direct supervision of such counsel, as well as vendors providing discovery support services to such counsel, together, "Party Attorney(s)"), parties, experts, actual or proposed witnesses, court personnel and other persons necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents, who is not one of the named parties or Party Attorneys shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidential designation. Each person who is permitted to see confidential documents, who is not a party, a Party Attorney, or an agent or contracting agent of the Party Attorneys, shall be required to sign an agreement to be bound by this Order, attached hereto as Exhibit A. The parties agree that any confidential discovery material produced in this litigation may only be used in connection with this litigation.

(e) Documents designated both "confidential" and "Attorney's Eyes Only" ("AEO"), shall be shown only to Party Attorneys and the Court, and shall not be shown or otherwise disclosed to any other individuals designated in subsection (d) absent the express written consent of the producing party, or, in the alternative, a Court order. These AEO documents shall include Chancellor's Regulation D-210 complaints and related investigative material prepared or collected pursuant to the investigative process, excluding final D-210 determinations issued by the Chancellor or designee. An attorney for the producing party may designate documents or parts thereof as AEO by stamping the word "AEO" on each page.

(f) Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(g) The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some

portion(s) of the discovery material that the party produced should be designated as "confidential," the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this Order.

(h) If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

*Disclosure or Production of Protected Material*

(i) Any party's production or disclosure, whether inadvertent or otherwise, in this proceeding of information or material that is protected by any privilege or work-product protection recognized by law and/or contains personally identifiable, FERPA-protected, or sensitive non-responsive information (collectively, "Protected Material") shall not waive any claim of privilege, protection, personally identifiable information and/or non-responsiveness applicable to that material or its subject matter in this Action or any other federal or state proceeding and shall be governed by the procedures set forth herein.

(j) This Order shall be interpreted to provide the maximum protection allowed by FRE 502(d), and FRCP 26(c), and any other applicable law; and shall specifically preclude the application of FRE 502(b) to any Clawback Demand and/or Protected Material, as defined herein, requested under this Order and Confidentiality Agreement.

(k) Any party that produces or discloses Protected Material (the "Producing Party") may (i) notify in writing the party receiving Protected Material (the "Receiving Party") that Protected Material was produced or disclosed and that it does not intend to waive the applicable privilege or work-product protection; and (ii) demand that the Receiving Party return or destroy the Protected Material (the "Clawback Demand"). Such demand shall identify the Protected Material to be returned or destroyed (including by the Bates number of the document or, if no Bates number appears on the document, information sufficient to identify the document or information) and the basis for the claim of privilege, work-product protection, and/or non-responsiveness.

(l) In the absence of an Order permitting otherwise, after the Receiving Party receives a Clawback Demand, the Receiving Party shall not introduce the disputed Protected Material into evidence, disclose it to any person or entity, or use it for any purpose in this or any other action.

(m) Unless the Receiving Party seeks an order compelling production of the documents or information covered by the Clawback Demand, within ten (10) business days of receiving the Clawback Demand, regardless of whether the Receiving Party agrees with the claim

that it is Protected Material, the Receiving Party shall: (i) destroy the Protected Material or return it to the Producing Party, including any paper or electronic copies; (ii) notify any third party to whom the Receiving Party sent or disclosed such Protected Material that the third party must destroy it or return it to the Producing Party; (iii) destroy any work product, analysis, memoranda, or notes reflecting the content of such Protected Material and/or which the Receiving Party (and/or the Receiving Party's consultants, experts, and/or agents) generated based upon such Protected Material, and notify any third party to whom the Receiving Party sent or disclosed such Protected Material that it must do the same; and (iv) provide written assurance to the Producing Party that these actions have been completed.

(n) If the document or information subject to the Clawback Demand contains Protected Material only in part, then the Producing Party shall, within ten (10) business days of making the Clawback Demand, produce redacted versions of the documents subject to the Clawback Demand that redacts only the information or material that the Producing Party considers to be protected by any privilege or work-product protection recognized by law and/or to contain personally identifiable, FERPA-protected, or sensitive non-responsive information.

(o) Notwithstanding the directives of paragraph (m), if a Receiving Party disagrees with a Producing Party's claim that certain documents or information constitute Protected Material, then, within ten (10) business days of receiving the Clawback Demand (and upon fulfilling any obligation to meet and confer as may be required by applicable rule or law), the Receiving Party may move the Court for an Order compelling production of any of the documents or information covered by the Clawback Demand. The Receiving Party's motion and/or argument to the Court (i) shall not disclose or reference the content of the Protected Material beyond the information set forth in the privilege log or the Clawback Demand itself. The burden rests on the party claiming that a privilege or work-product protection applies or that the material was non-responsive to demonstrate that such privilege or protection is proper or that the material was non-responsive. The Court's decision resolving the Receiving Party's motion shall govern the treatment of the disputed documents and/or information. Until the Court enters such decision, the Receiving Party shall not use the disputed Protected Material or any work product, analysis, memoranda, or notes reflecting or based upon such Protected Material.

*Discovery Material*

(p) This Order and Confidentiality Agreement shall apply to all documents and information, including electronically stored information, produced or disclosed by the parties in response to discovery requests and demands; affidavits and declarations; testimony adduced at deposition; and all other information or material otherwise disclosed, produced, made available for inspection, or submitted by the parties in this litigation (collectively, "discovery material"). A Clawback Demand pursuant to FRE 502(d) which seeks to claw back deposition testimony or a document used at a deposition must be made within one business day of the subject testimony. A Clawback Demand pursuant to FRE 502(d) that seeks to claw back a court filing, information contained in a court filing, or a document used in a court filing, must be made within two business days of the subject court filing.

These time frames may be extended by agreement between the parties, or by motion to the Court for an extension of time to make such a demand. In the event the above timeframes have elapsed for the Producing Party to make a Clawback Demand, and no extension has been agreed to between the parties or been ordered by the Court, with respect to a document used at a deposition or a court filing, the default rules of FRE 502(b) would apply. Any request to claw back testimony at trial shall be directed to the judge presiding over the trial.

(q) The parties shall comply with the Eastern District of New York's Steps for E-Filing Sealed Documents in Civil cases, located at https://www.nyed.uscourts.gov/sites/default/files/forms/EfilingSealedCV.pdf, if they wish to move to file a document under seal

(r) Within a reasonable period after the conclusion of the litigation, all confidential or AEO material shall be returned to the respective producing parties or destroyed by the recipients.

(s) Nothing in this order shall serve to limit a party's use of its own documents.

(t) Nothing in this order shall limit a party's right to conduct a full review of documents prior to production for responsiveness, privilege, and/or to apply appropriate redactions.

(u) In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

(v) This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

*N J Ristuccia*
*Attorney for Plaintiffs*

**Nathan John Ristuccia**
Institute for Free Speech
1150 Connecticut Ave NW
Suite 801
Washington, DC 20036
202-301-1215
Email: nristuccia@ifs.org

*Jordan Doll*
_____
*Attorney for City Defendants*

**Jordan Doll**
New York City Law Department
General Litigation
100 Church Street
Ste 2-302b
New York, NY 10007
212-356-2624
Email: jdoll@law.nyc.gov

SO ORDERED:

_____                    _____
JAMES R. CHO                                        Dated
United States Magistrate Judge

Rev. 4-26-2021

# **EXHIBIT A**

  I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled _____ have been designated as confidential. I have been informed that any such documents or information labeled "confidential" are confidential by Order of the Court.

  I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Print Name: _____

Sign Name: _____

Dated: _____

Signed in the presence of:

_____
(Attorney)

7

Rev. 4-26-2021